1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VICTORY STRATTON,                        No.  2:23-cv-02004-DAD-SCR

12                    Plaintiff,

13           v.                               FINDINGS AND RECOMMENDATIONS

14   PREMIER TRUST DEED SERVICES,
     INC. et al.,
15
                      Defendants.
16

17          Plaintiff is proceeding pro se in this matter, which was referred to the undersigned

18   pursuant to Local Rule 302(c)(21).  Before the Court are Defendants' three motions to dismiss the

19   First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 12,

20   13, & 17).  The parties filed opposition and reply briefs, and Magistrate Judge Barnes took the

21   motions under submission without oral argument.  ECF Nos. 25 & 26.  This action was

22   reassigned to the undersigned on August 6, 2024.  ECF No. 28.  The undersigned recommends

23   that the motions be granted for the reasons set forth herein, and the action be dismissed without

24   further leave to amend.

25          **I.      Background and Procedural History**

26          Plaintiff filed this action in the Superior Court of Sacramento County on July 24, 2023.

27   ECF No. 1, Notice of Removal.  Defendants removed the action to this Court on the basis that

28   Plaintiff alleged claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §

                                                   1

2601 *et seq*., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*.  Plaintiff alleged that she was the owner of real property located at 7014 McGill Court, Elk Grove, California (the "Property").  ECF No. 1-2 at 3.[1]  Plaintiff named three defendants: Premier Trust Deed Services, Inc. ("Premier"), Newrez, LLC ("Newrez"),[2] and Real Time Resolutions, Inc. ("Real Time").  *Id.* at 3-4.  Premier is alleged to be the trustee on the deed of trust encumbering the Property. Newrez is a loan servicing company servicing the loan on the Property, and Real Time is alleged to be a debt collection company.  *Id.*

In 2005, Plaintiff was loaned $107,000 by Option One Mortgage.  *Id.* at 9.  Plaintiff claims at some point the note was sold to a trust and the note and mortgage were "irreparably separated."  *Id.*  This sale and transfer of Plaintiff's note and mortgage are at the heart of Plaintiff's complaint, though it is unclear how Plaintiff claims to have been harmed by such actions.

Plaintiff's complaint contained four causes of action: 1) RESPA; 2) declaratory relief; 3) TILA; and 4) "fraud in the concealment".  *Id.* at 10-14.  Plaintiff sought a declaration that Defendants lacked any interest in the Property.  *Id.* at 16.  In September 2023, Defendants Newrez and Real Time filed motions to dismiss.  ECF Nos. 5 & 7.

On October 3, 2023, Plaintiff filed a first amended complaint ("FAC").  ECF No. 11.  The FAC is factually similar to the original, and contains the same four causes of action.  The primary differences appear to be the addition of allegations concerning equitable tolling (ECF No. 11 at ¶¶ 47-49) and the addition of approximately 100 pages of attachments.  Plaintiff alleges she was not aware of the facts underlying her claims until she obtained a "Forensic Chain of Title Securitization Analysis, Mortgage Audit Report, and Forensic Loan Analysis" ("Mortgage Audit Report") in July 2021.  ECF No. 11 at ¶ 48.  All three Defendants have now moved to dismiss the FAC.

////

---

[1]  Page references herein are to the page number on the CM/ECF generated header.
[2]  "Newrez" is actually spelled NewRez per its own briefing, though the Court uses the spelling in the FAC.

2

## II.    Legal Standards for Rule 8 and Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true all well-pleaded factual allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1086 (9th Cir. 2020). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). A cause of action is subject to dismissal for failure to state a claim

.1   when the factual allegations in the complaint and/or other materials properly considered suffice to

2    establish some bar to recovery or an affirmative defense, such as the expiration of the statute of

3    limitations. *Sams v. Yahoo, Inc*., 713 F.3d 1175, 1179 (9th Cir. 2013); *see also Jablon v. Dean*

4    *Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980) (noting that a Rule 12(b)(6) motion can be

5    granted based on the statute of limitations if "the running of the statute is apparent on the face of

6    the complaint"). However, "a complaint cannot be dismissed unless it appears beyond doubt that

7    the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail*

8    *Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

9         **III.    The Motions to Dismiss (ECF Nos. 12, 13, & 17)**

10        The three motions to dismiss raise similar arguments. Real Time argues that the FAC

11   violates Rule 8 and Rule 12(b)(6) because it does not put Real Time on notice of the alleged

12   wrongs it committed and fails to state a claim. ECF No. 12-1 at 8. Additionally, Real Time

13   argues that the claims are time-barred. *Id.* Real Time argues that Plaintiff has referred to

14   "Defendants" collectively and in so doing has failed to make any specific allegations as to Real

15   Time. *Id.* at 11.

16        Newrez argues that Plaintiff's claims seem to be based on a belief that her loan was

17   improperly commingled into a securitized trust after the closing date and the assignment of the

18   deed of trust was not recorded. ECF No. 13 at 4. However, Newrez argues that California law

19   does not prohibit a loan from being sold to a securitized pool, nor does it require the recordation

20   of the assignment. *Id.* Newrez argues that the RESPA and TILA claims are time-barred, and that

21   Plaintiff has insufficiently alleged fraud. *Id.* at 4-5.

22        Premier argues that Plaintiff fails to state a claim, and that the RESPA and TILA claims

23   are time-barred. ECF No. 18 at 6. Premier argues that as a trustee of the underlying deed of trust

24   its duties are limited under California law and Plaintiff has not alleged facts supporting any duty,

25   breach of duty, or improper conduct giving rise to liability. ECF No. 18 at 9-10. Premier

26   contends that Plaintiff has not alleged facts to support a RESPA claim and that any such claim is

27   barred by a one-year statute of limitations. *Id.* at 11-12. Similarly, Premier contends Plaintiff

28   fails to state a claim under TILA, that any such claim would be time-barred, and that Plaintiff has

.1    not sufficiently pled a basis for equitable tolling. *Id.* at 14-16.

2            Plaintiff filed a brief in opposition to each motion. ECF Nos. 19-21. Plaintiff's

3    opposition to Real Times' motion to dismiss (ECF No. 19) briefly reiterates some of the

4    allegations from the FAC and argues that Defendant has not established she fails to state a claim.

5    Plaintiff additionally argues that she was not aware of the basis for her fraud claims until she

6    received the Mortgage Audit Report in 2021. ECF No. 19 at 5. Plaintiff's two other opposition

7    briefs (ECF Nos. 20-21) are very similar to her prior opposition (ECF No. 19), except she does

8    not repeat the argument that she did not know of the fraud until she received the Mortgage Audit

9    Report.

10        **IV.    Analysis**

11        **A.    Count I – Violation of RESPA**

12            Plaintiff's first count attempts to assert a cause of action under RESPA. However, the

13    allegations are vague and conclusory. Defendants collectively are alleged to have violated

14    RESPA "because the payments made to and received by Defendants were misleading and

15    designed to create a windfall." ECF No. 11 at ¶ 54. Plaintiff makes the conclusory assertion that

16    Defendants "actions were deceptive, fraudulent and self-serving." *Id.* Plaintiff may also be

17    alleging that the interest rate for the loan was too high. *Id.* at ¶ 53 ("interest and income that

18    Defendants herein have gained is disproportionate").

19            "The primary ill which RESPA seeks to remedy is the potential for unnecessarily high

20    settlement charges caused by kickbacks, fee-splitting, and other practices that suppress price

21    competition for settlement services." *Vega v. JPMorgan Chase Bank*, 654 F.Supp.2d 1104, 1114

22    (E.D. Cal. 2009) (cleaned up). "This ill occurs, if at all, when the plaintiff pays for the service,

23    typically at the closing." *Id.* Defendants argue the RESPA claim is time-barred. The loan

24    transaction occurred in 2005. *See* FAC ¶ 39; Exhibit to FAC ECF No. 11 at 29 ("The Deed of

25    Trust was executed on June 10, 2005. It names Victory Stratton as borrower, Option One

26    Mortgage Corp. as the lender and beneficiary and Premier Trust Deed Services, Inc. as trustee.")[3]

27    _____

28    [3] The Deed of Trust is also in the record at ECF No. 12-3 at 58.

Plaintiff did not file this lawsuit until 18 years after the loan closed. Plaintiff "points to no specific … RESPA violation," and does not cite a particular provision of RESPA. However, some RESPA claims have a one-year limitations period, *Vega*, 654 F.Supp.2d at 1114, while others have a three-year limitations period, 12 U.S.C. § 2614. Specifically, claims under 12 U.S.C. § 2607 and § 2608, which prohibit "kickbacks and unearned fees" and doing business with particular title companies, respectively, have a one-year limitations period. Claims under 12 U.S.C. § 2605, which requires certain disclosures and notice, have a three-year limitations period. Regardless of which section of RESPA purportedly applies, Plaintiff's claim was not brought until decades after the loan closing.

Plaintiff argues for tolling of the statute of limitations by pleading she did not learn of the violations until she received the Mortgage Audit Report in July 2021.[4] ECF No. 11 at ¶¶ 47-48. Plaintiff's delay in commissioning the Mortgage Audit Report does not extend the statute of limitations, because a plaintiff who argues for equitable tolling must demonstrate reasonable diligence. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). The undersigned recommends the RESPA claims be dismissed as time-barred.

### B. Count II – Declaratory Judgment

As set forth herein, Plaintiff's substantive claims under Count I, III, and IV are time barred. Lacking actionable substantive claims, Plaintiff cannot pursue an independent/standalone claim for declaratory relief. *See Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) ("The Declaratory Judgment Act does not provide an independent basis for suits in federal court . . . It only permits the district court to adopt a specific remedy when jurisdiction exists."). A declaratory judgment is a remedy, not a cause of action. *See Stock West, Inc. v. Confederated*

---

[4] The Court need not pass on the validity of this report, but other courts have pointed out that: "The Federal Trade Commission describes so-called 'forensic loan audits' as a technique used by fraudulent foreclosure 'rescue' professionals who use half-truths and outright lies to sell services that promise relief to homeowners in distress." *Hakimi v. Bank of New York Mellon*, 2015 WL 2097872, *4 n.2 (D. Nev. 2015).

*Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (Declaratory Judgment Act "only creates a remedy and is not an independent basis for jurisdiction"); *see also Ajetunmobi v. Clarion Mortg. Capital*, 595 F.App'x 680, 685 (9th Cir. 2014) ("Declaratory and injunctive relief are remedies, not causes of action."). The undersigned recommends Count II be dismissed.

### C.  Count III – Violation of TILA

Plaintiff alleges that Defendants failed to make material disclosures concerning "the annual percentage rate, length of the loan, and whether or not the monthly payment would be fixed or change over time." ECF No. 11 at ¶ 67. Plaintiff also argues the Defendants did not provide her with alternative loan products. *Id.* at ¶ 69. None of the named Defendants are the original lender. Plaintiff alleges that One Mortgage Corporation was the original lender. *Id.* at ¶ 20. Generally, TILA places disclosure obligations on the lender. *See King v. State of Cal.*, 784 F.2d 910, 912 (9th Cir. 1986) ("If a lender fails to make the required material disclosures, TILA gives an obligor the right to rescind any credit transaction in which a security interest is created in the obligor's home."). The Defendants named herein are the trustee on the deed of trust, the loan servicer, and a debt collection company. *Id.* at ¶¶ 9-11. It does not appear that Newrez or Real Time were involved in the initial transaction in 2005.

Further, Plaintiff's TILA claims are clearly time-barred. Plaintiff entered into the loan agreement in 2005. ECF No. 11 at 29; ECF No. 12-3 at 58. The statute of limitations on a TILA damages claim is one-year. 15 U.S.C. § 1640(e); *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). The statute of limitations for a TILA recission claim is three years. *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 411-12 (1998) citing 15 U.S.C. § 1635(f). In *Meyer*, the Ninth Circuit found the claims concerning failure to make required disclosures occurred at the time the loan papers were signed: "The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The [plaintiffs] were in full possession of all information relevant to the discovery of a TILA violation and a § 1640(a) damages claim on the day the loan papers were signed." 342 F.3d at 902.

Plaintiff waited 18 years after the loan signing to bring this suit. The TILA claims are time-barred. Plaintiff's argument that she should receive equitable tolling because she did not

learn of the facts to bring her claim until the Mortgage Audit Report was finalized in July 2021,
also fails for multiple reasons.  First, as noted above with respect to the RESPA claim, a litigant
seeking equitable tolling most show the exercise of reasonable diligence.  *See Pace v.
DiGuglielmo*, 544 U.S. 408, 418 (2005).  Second, the TILA damages claim has a one-year statute
of limitations and Plaintiff did not file suit until two years after receiving the Mortgage Audit
Report.  Third, the TILA recission claim is not subject to equitable tolling.  15 U.S.C. § 1635(f);
*Newcomb v. Cambridge Home Loans*, 861 F.Supp.2d 1153, 1162 (D. Hawaii 2012) ("The three-
year period is a statute of repose, which is not subject to equitable tolling."); *see also Beach*, 523
U.S. 412 (holding "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-
year period.").  The undersigned recommends the TILA claim be dismissed as barred by the
statute of limitations.

### D.  Count IV – Fraudulent Concealment

Plaintiff's allegations of fraud are largely conclusory.  Plaintiff appears to allege that what
was concealed was that the note was sold and transferred to another party.  ECF No. 11 at ¶ 79.
Plaintiff has failed to plead her claim of fraud with the required particularity.  Federal Rule of
Civil Procedure 9(b)'s particularity requirement applies to state law causes of action.  *Vess v.
Ciba-Geigy Corp.*, 307 F.3d 1097, 1103 (9th Cir. 2003).  This is true even where the Court's
jurisdiction is based on diversity.[5]  *Id.* ("We therefore reject [plaintiff's] argument that we should
refuse to apply Rule 9(b) to his state-law causes of action in this diversity case.").  Even where
fraud is not a necessary element of a claim, if the claim is "grounded in fraud" or "sound[s] in
fraud," the "pleading of the claim as a whole must satisfy the particularity requirement of Rule
9(b)."  *Id.* at 1103-04.  Plaintiff captions her fourth cause of action as "fraud in the concealment."
ECF No. 11 at 14.  Fraudulent concealment "is a species of fraud or deceit."  *Stueve Bros. Farms
LLC v. Berger Kahn*, 222 Cal.App.4th 303, 322 (Cal. Ct. App. 2013).

////

---

[5]  Plaintiff alleges that the basis for jurisdiction is diversity, but that allegation is conclusory as
she does not assert the citizenship of any party.  ECF No. 11 at ¶¶ 1-3.  The action was removed
under § 1331 federal question jurisdiction on the basis of the TILA and RESPA claims.

.1      Under California law, the required elements of fraudulent concealment are: 1)

2   concealment or suppression of a material fact; 2) by a defendant with a duty to disclose the fact to

3   plaintiff; 3) with intent to defraud the plaintiff by intentionally concealing or suppressing the fact;

4   4) and the plaintiff was unaware of the fact and would not have acted as she did if she had known

5   of the concealed fact; and 5) plaintiff sustained damage as a result. *Tapia v. Davol, Inc.*, 116

6   F.Supp.3d 1149, 1163 (S.D. Cal. 2015). Plaintiff's claim appears to rest on the incorrect premise

7   that she must receive notice of the sale or transfer of the note. *See Yvanova v. New Century*

8   *Mortg.*, 365 P.3d 845, 850 (Cal. 2016) ("Defendants emphasize, correctly, that a borrower can

9   generally raise no objection to assignment of the note and deed of trust. A promissory note is a

10  negotiable instrument the lender may sell without notice to the borrower."). Plaintiff also does

11  not explain how the Defendants owed a duty to disclose. "The trustee of a deed of trust is not a

12  true trustee with fiduciary obligations, but acts merely as an agent for the borrower-trustor and

13  lender-beneficiary." *Yvanova*, 365 P.3d at 850.

14      Moreover, in order to meet the heightened pleading standard, "a party must state the

15  particularity of the circumstances constituting fraud," meaning that the "pleading must identify

16  the who, what, when, where, and how of the misconduct charged." *United States ex rel. Cafasso*

17  *v. Gen. Dynamics*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal citations and quotation omitted).

18  Plaintiff's FAC fails to meet this standard. Plaintiff does not even identify which of the three

19  Defendants allegedly engaged in fraud, but instead refers to them collectively as "Defendants."

20  The allegations of what, when, where, and how are also vague and not pled with particularity.

21      The undersigned recommends granting the motion to dismiss as to any fraud claim.

22      **V.    Leave to Amend**

23      The undersigned has considered Plaintiff's pro se status and whether she should be

24  granted leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district

25  court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear

26  that the deficiencies of the complaint could not be cured by amendment."). The undersigned has

27  also considered that Plaintiff has previously amended, after two of the Defendants had filed

28  motions to dismiss (ECF Nos. 5 & 7). Thus, Plaintiff had notice of what Defendants contended

were deficiencies with the complaint prior to filing the FAC. Most importantly, the undersigned has considered futility of amendment. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."). Plaintiff's TILA and RESPA claims are time-barred, and that cannot be cured by amendment. Plaintiff's claim for fraudulent concealment could conceivably be pled with greater particularity, but because it rests upon a faulty legal premise—that failure to receive notice of the sale or transfer of the note somehow constitutes fraud—the undersigned concludes leave to amend would be futile.

## VI.    CONCLUSION

**IT IS HEREBY RECOMMENDED:**

**1.** Defendants' Motions to Dismiss (ECF Nos. 12, 13, & 17) be GRANTED, and that the action be dismissed without further leave to amend; and

**2.** The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 19, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

10