UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORY STRATTON,<br><br>   Plaintiff,<br><br>  v.<br><br>PREMIER TRUST DEED SERVICES, INC., et al.,<br><br>   Defendants. | No. 2:23-cv-02004-DAD-SCR (PS)<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND<br><br>(Doc. Nos. 12, 13, 17, 37) |

  Plaintiff Victory Stratton is proceeding *pro se* in this matter, which was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

  On February 19, 2025, the assigned magistrate judge issued findings and recommendations recommending that the motions to dismiss plaintiff's first amended complaint filed on behalf of defendant Real Time Resolutions, Inc. (Doc. No. 12), defendant Newrez, LLC (Doc. No. 13), and defendant Premier Trust Deed Services, Inc. (Doc. No. 17) be granted without leave to amend. (Doc. No. 37.) Specifically, the magistrate judge concluded that: 1) plaintiff's claim brought under the Real Estate Settlement Procedures Act (RESPA) is clearly time-barred under the applicable statute of limitations; 2) therefore, plaintiff's standalone claim for declaratory relief based upon the asserted violation of RESPA is likewise subject to dismissal; 3) plaintiff's claim brought under the Truth in Lending Act (TILA) is also clearly time-barred; and

1

4) plaintiff failed to state a cognizable claim for fraudulent concealment based upon the wholly conclusory allegations of her complaint and because, as a matter of law, the allegation that plaintiff was not provided notice of the sale or transfer of the note in question could not support such a claim. (*Id.* at 5–9.) Finally, the magistrate judge concluded that under the circumstances of this case, including plaintiff's filing of an amended complaint after the first two motions to dismiss were originally filed (*see* Doc. Nos. 5, 7, 11) and further concluded, in light of the nature of the first amended complaint's deficiencies, that the granting of further leave to amend would be futile. (Doc. No. 37 at 9–10.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 10.) To date, no objections to the findings and recommendations have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations filed February 19, 2025 (Doc. No. 37), are adopted in full;
2. Defendants' motions to dismiss (Doc. Nos. 12, 13, & 17) are GRANTED;
3. This action is dismissed without further leave to amend; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 14, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE